1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEREMIAH-MATTHEW STORER,            Case No. 2:25-cv-02066-DC-CSK PS

12                 Plaintiff,

13         v.                            FINDINGS AND RECOMMENDATIONS
                                         DENYING IFP REQUEST, DENYING
14   PLACER COUNTY SUPERIOR              PLAINTIFF'S EX PARTE MOTION FOR
     COURT, et al.,                      TEMPORARY RESTRAINING ORDER,
15                                       AND DISMISSING COMPLAINT
16                 Defendants.           (ECF Nos. 1-3)

17

18         Plaintiff Jeremiah-Matthew Storer, who is proceeding pro se, brings this action

19   against Defendants Placer County Superior Court, Placer County, Placer County District

20   Attorney, Placer County Sheriffs Office, Placer County Superior Court Judge Todd Irby in

21   his official and individual capacities, Placer County Superior Court Judge Alan Pineschi

22   in his official and individual capacities, Deputy District Attorney Aryn Gordon in her

23   official and individual capacities, and Placer County Deputy Sheriff Daniel Cunningham

24   in his official and individual capacities.[1] *See* Compl. (ECF No. 1). Pending before the

25   Court is Plaintiff's "Petition for Writ of Mandamus with Ex Parte Application for

26

27   _____
     [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
28   Civ. P. 72, and Local Rule 302(c), and was referred to the undersigned by the District
     Judge assigned to the case (ECF No. 4).

                                            1

1  Emergency Temporary Restraining Order." *See* Pl. Mot. (ECF No. 2).

2         For the reasons that follow, the Court recommends DENYING Plaintiff's motion

3  for Temporary Restraining Order ("TRO"); recommends DENYING Plaintiff's motion to

4  proceed in forma pauperis (ECF No. 3); and recommends DISMISSING Plaintiff's

5  Complaint without leave to amend.

6  **I.      MOTION TO PROCEED IFP**

7         28 U.S.C. § 1915(a) provides that the court may authorize the commencement,

8  prosecution or defense of any suit without prepayment of fees or security "by a person

9  who submits an affidavit stating the person is "unable to pay such fees or give security

10  therefor." This affidavit is to include, among other things, a statement of all assets the

11  person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

12  assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*,

13  the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient

14  where it alleges that the affiant cannot pay court costs and still afford the necessities of

15  life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis

16  statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some

17  particularity, definiteness and certainty." *Id*. According to the United States Department

18  of Health and Human Services, the current poverty guideline for a household of one (not

19  residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service

20  (available at https://aspe.hhs.gov/poverty-guidelines).

21         Here, Plaintiff's IFP shows that he has no monthly income and greater than $100

22  in cash or a checking or savings account. *See* ECF No. 2. Plaintiff has made the

23  required showing under 28 U.S.C. § 1915(a). *See id.* However, the Court will

24  recommend Plaintiff's IFP application be denied because the action is facially frivolous

25  and without merit because it fails to state a claim and lacks subject matter jurisdiction.

26  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears

27  from the face of the proposed complaint that the action is frivolous or without merit.'"

28  *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First*

*Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of the First Amended Complaint ("FAC") that this action is frivolous and is without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motion.

## II.    BACKGROUND

Plaintiff filed this action on July 24, 2025 against Defendants Placer County Superior Court, Placer County, Placer County District Attorney, Placer County Sheriffs Office, Placer County Superior Court Judge Todd Irby in his official and individual capacities, Placer County Superior Court Judge Alan Pineschi in his official and individual capacities, Deputy District Attorney Aryn Gordon in her official and individual capacities, and Placer County Deputy Sheriff Daniel Cunningham in his official and individual capacities. *See* Compl. Plaintiff concurrently filed a "Petition for Writ of Mandamus with Ex Parte Application for Emergency Temporary Restraining Order." *See* Pl. Mot. Plaintiff filed another federal action on the same day against a different group of defendants in Case No. 2:25-cv-02065-DC-CSK PS.

In the Complaint, Plaintiff lists that he is bringing the following claims:  (1) "the right to domicile privacy"; (2) "substantive/procedural due process"; (3) "freedom of speech, association, and religion"; (4) "peaceful enjoyment"; (5) "right of parents to make decisions regarding the care, custody, and control of their children"; (6) "using deadly/excessive force, intimidation, threats, duress and coercion"; (7) "protection against unreasonable/illegal searches and seizures"; (8) "right against self-incrimination

1    and due process"; (9) "right to a fair trial"; (10) equal protection and due process

2    clauses"; (11) Penal Code sections 1004, 1005(b), 1009, 802, 988, 990, 1382, 186;

3    (12) California Government Code section 815.2; and (13) California Civil Code

4    section 52.1. Compl. at 5-6. Plaintiff alleges that he was kidnapped and held hostage for

5    ransom by Placer County Sheriffs during an unlawful search and seizure at his private

6    property. *Id.* at 7. On the Civil Cover Sheet attached to the Complaint, Plaintiff lists a

7    related criminal case in Placer County Superior Court with docket number 62-198183.

8    (ECF No. 1-1.)

9         In Plaintiff's TRO motion, he states that he requests immediate relief for July 18

10   and 25, 2025 hearings held in Placer County, and for an unlawful warrant issued July 18,

11   2025. Pl. Mot. at 4. Plaintiff states that he was arrested on March 2, 2024; that there was

12   a demurrer to the original complaint on May 20, 2024; that the demurrer was overruled

13   on November 26, 2024; that an allegedly unlawful warrant was issued on June 10, 2025,

14   and he was forced to enter a plea on July 1, 2025. *Id.* at 8-9. Plaintiff alleges that there

15   was excessive delay because a new charge was filed against him one year and four

16   months after his arrest. *Id.* at 10. Plaintiff also alleges that multiple judges and district

17   attorneys were substituted in his case. *Id.* at 10-11. Plaintiff states that he was denied his

18   right to a speedy trial and denied the right to respond via a demurrer. *Id.* at 19, 23.

19   Plaintiff also attaches multiple documents that appear to have been filed in two separate

20   cases, a criminal case in Placer County Superior Court, case number 62-198183, and a

21   family law case in the San Joaquin County Superior Court, case number STA-FL-DWC-

22   2011-0003284. (*See* ECF No. 2-1 at 59-96.) A review of the Placer County Superior

23   Court docket for criminal case number 62-198183 indicates this case is still open. A

24   review of the San Joaquin County Superior Court docket for family law case number

25   STA-FL-DWC-2011-0003284 indicates this case was disposed in 2012.

26   **III.    SCREENING REQUIREMENT**

27        **A.    Legal Standards**

28        Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**B.    Discussion**

1.    *Younger* Abstention

In *Younger v. Harris*, the Supreme Court held that when there is a pending state

1    criminal proceeding, federal courts must refrain from enjoining the state prosecution

2    absent special or extraordinary circumstances. 401 U.S. 37, 45 (1971). The Ninth Circuit

3    has "articulated a four-part test to determine when *Younger* requires that federal courts

4    abstain from adjudicating cases that would enjoin or risk interfering with pending state-

5    court proceedings." *Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023). "*Younger*

6    abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the

7    proceeding implicate[s] important state interests; (3) there is an adequate opportunity in

8    the state proceedings to raise constitutional challenges; and (4) the requested relief

9    seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial

10   proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations in

11   original) (internal quotation marks and citation omitted). All four factors must be met to

12   find abstention appropriate. *Duke*, 64 F.4th at 1094. But even if all four *Younger* factors

13   are satisfied, federal courts will not invoke the abstention doctrine if there is a "showing

14   of bad faith, harassment, or some other extraordinary circumstance that would make

15   abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457

16   U.S. 423, 435 (1982).

17        Based on Plaintiff's Complaint and TRO, it appears that Plaintiff's allegations are

18   related to an ongoing criminal case in the Placer County Superior Court. In the

19   Complaint, Plaintiff discussed how a judge issued an unlawful warrant, and lists a case

20   from the Placer County Superior Court on the Civil Cover Sheet. Compl. at 7; ECF No. 1-

21   1. Further, in Plaintiff's TRO motion, Plaintiff requests relief from two hearings that took

22   place in July 2025 in Placer County. Pl. Mot. at 4. Plaintiff also discusses the date he

23   was arrested, when an allegedly unlawful warrant was issued, and cites to attached

24   exhibits from the Placer Court Superior Court. *Id.* at 9; *see* ECF No. 2-1 at 72. Plaintiff

25   also discusses how no plea was entered in his case. Pl. Mot. at 11-12. Plaintiff requests

26   a stay of all Placer County Superior Court proceedings pending resolution of this case.

27   *Id.* at 39.

28        A review of the Placer County Superior Court docket for case 62-198183 indicates

1  that this criminal case is ongoing, which implicates important state interests, meeting the

2  first two factors under *Younger*. As to the third factor, there is no indication that Plaintiff

3  is unable to raise any constitutional claims in the pending state case. *See Penzoil Co. v.*

4  *Texaco*, 481 U.S. 1, 15 (1987) (holding that federal courts should assume that state

5  procedures will afford an adequate opportunity for consideration of constitutional claims

6  "in the absence of unambiguous authority to the contrary"). Finally, Plaintiff's

7  presumptive relief, a stay of the Placer County Superior Court proceedings, would enjoin

8  the ongoing state criminal prosecution, meeting the fourth *Younger* factor. Thus, all four

9  factors under *Younger* are met. Further, Plaintiff includes no facts or evidence

10  demonstrating that extraordinary circumstances warrant this Court's interference with the

11  Placer County Superior Court proceedings.

12      Because the *Younger* abstention doctrine applies, the Court recommends that this

13  action be dismissed without prejudice.

14          2.    *Rooker-Feldman* Doctrine

15      Under the *Rooker-Feldman* doctrine, federal district courts may not "review the

16  final determinations of a state court in judicial proceedings." *Worldwide Church of God v.*

17  *McNair, et al.*, 805 F.2d 888, 890 (9th Cir. 1986). The doctrine reflects the fact that the

18  only federal court with the jurisdiction to review state court decisions is the United States

19  Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Lower

20  federal courts can review the constitutionality of laws, but not the judgment of a state

21  court in a particular case. *See District of Columbia Court of Appeals v. Feldman*, 460

22  U.S. 462, 482-83 (1983). District courts therefore lack subject matter jurisdiction if the

23  current claims are "inextricably intertwined" with a state court decision and "the

24  adjudication of the federal claims would undercut the state ruling or require the district

25  court to interpret the application of state laws or procedural rules[.]" *Bianchi v.*

26  *Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

27      Plaintiff states in his TRO motion that he was denied the right to file a demurrer to

28  an amended complaint. Pl. Mot. at 19. To the extent Plaintiff is asking this Court to

1  review the state court's denial of the right to file a demurrer, this is barred by the *Rooker-*

2  *Feldman* doctrine because it is a final determination of the state court. Accordingly,

3  Plaintiff's claims should be dismissed.

4  3.    Judicial Immunity

5  Two of the defendants in this case are Placer County Superior Court Judges,

6  Presiding Judge Alan Pineschi and Judge Todd Irby. Under the doctrine of judicial

7  immunity, judges have absolute immunity for their acts related to the judicial process.

8  *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Demoran v. Witt*, 781 F.2d 155,

9  158 (9th Cir. 1985).

10  Here, Plaintiff names both judges as Defendants, but does not make specific

11  claims against either Defendant. Plaintiff states that judges "issued unlawful warrants,

12  [and] used systemic rotation tactics to evade accountability and obscure constitutional

13  and due process violations." Compl. at 6. The conduct Plaintiff challenges—issuing

14  warrants—relates to judicial duties, and Judge Pineschi and Judge Irby have absolute

15  immunity for these acts. Therefore, Plaintiff's claim against Defendants Judge Pineschi

16  and Judge Irby should be dismissed. *See In re Castillo*, 297 F.3d at 947.

17  4.    Prosecutorial Immunity

18  Plaintiff lists Aryn Gordon, Deputy District Attorney, as a Defendant, and also lists

19  the Placer County District Attorney in general as a Defendant. Compl. at 3, 4. "Attorneys

20  who prosecute cases on behalf of the Government are absolutely immune from claims

21  based on their participation in the judicial process." *Joelson v. United States*, 2020 WL

22  6449196, at *3 (S.D. Cal. Nov. 3, 2020) (citations omitted); *see Imbler v. Pachtman*, 424

23  U.S. 409, 422-23, 429-30.

24  Plaintiff does not make any specific allegations against either District Attorney.

25  Rather Plaintiff makes general allegations that the district attorneys "used systemic

26  rotation tactics to evade accountability, and obscure constitutional and due process

27  violations, repeatedly failed to follow statutory guidelines and limitations and, prevented

28  access to remedy within state court." Compl. at 6. To the extent the conduct Plaintiff

8

1  challenges relates to the district attorneys' prosecutorial role in the judicial process, the

2  district attorneys have absolute immunity for these acts. Therefore, the Placer County

3  District Attorney and Defendant Gordon are immune from this suit, and Plaintiff's claims

4  against them should be dismissed. *See Joelson*, 2020 WL 6449196, at *3.

5              5.    Eleventh Amendment Immunity

6         One of the Defendants in this action is the Placer County Superior Court. The

7  Ninth Circuit has held that the Superior Court of the State of California is an arm of the

8  state, and therefore has Eleventh Amendment immunity. *Munoz v. Superior Court of Los*

9  *Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024). Accordingly, the Placer County

10  Superior Court is immune from suit, and should be dismissed.

11              6.    Failure to Comply with Federal Rule of Civil Procedure 8

12        The Complaint also does not contain a short and plain statement of a claim as

13  required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims

14  and the grounds on which they rest, a plaintiff must allege with at least some degree of

15  particularity overt acts by specific defendants which support the claims. *See Kimes v.*

16  *Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). From the Complaint, Plaintiff brings the

17  following claims:  (1) "the right to domicile privacy"; (2) "substantive/procedural due

18  process"; (3) "freedom of speech, association, and religion"; (4) "peaceful enjoyment";

19  (5) "right of parents to make decisions regarding the care, custody, and control of their

20  children"; (6) "using deadly/excessive force, intimidation, threats, duress and coercion";

21  (7) "protection against unreasonable/illegal searches and seizures"; (8) "right against

22  self-incrimination and due process"; (9) "right to a fair trial"; (10) equal protection and due

23  process clauses"; (11) Penal Code sections 1004, 1005(b), 1009, 802, 988, 990, 1382,

24  186; (12) California Government Code section 815.2; and (13) California Civil Code

25  section 52.1. Compl. at 5-6. Plaintiff provides general statements related to these claims,

26  such as that he was kidnapped and held hostage for ransom by Placer County Sheriffs

27  during an unlawful search and seizure. *See* Compl. at 7. However, Plaintiff does not

28  describe these allegedly unlawful acts in detail or provide sufficient information to put

                                                  9

Defendants on notice of the claims against them. The Complaint also does not clearly state the elements of each claim. *See* Compl. The Complaint also raises claims based on state criminal statutes that cannot be brought by an individual. *See id*. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

The Complaint is therefore subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

## IV.    TEMPORARY RESTRAINING ORDER

In the ex parte TRO motion, Plaintiff seeks an TRO "staying all Placer County Superior Court proceedings pending resolution." Pl. Mot. at 40.

### A.    Legal Standards

Plaintiff moves ex parte for a temporary restraining order and writ of mandamus pursuant to Federal Rules of Civil Procedure 65 against all Defendants. The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction, which requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right," and may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22, 24 (citation omitted). "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction."

1  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

2      **B.**    **Discussion**

3          **1.**    **Plaintiff's Motion Is Procedurally Deficient**

4      Federal Rule of Civil Procedure 65(b)(1) permits the court to issue a TRO without

5  notice to the adverse party only if (1) specific facts in the affidavit or underlying pleading

6  show that immediate and irreparable injury, loss, or damage will result before the

7  opposing party may be heard; and (2) the movant certifies in writing efforts made to give

8  notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). This

9  Court's Local Rules also set forth certain procedural mandates for a temporary

10  restraining order to issue, including that the movant provide the following documents:

11  (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on the relevant

12  legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit

13  detailing the notice or efforts undertaken or showing good cause why notice should not

14  be given; (6) a proposed temporary restraining order and provision for bond; (7) a

15  proposed order with blank for fixing time and date for a hearing; and (8) where a

16  temporary restraining order is requested ex parte, the proposed order should also notify

17  the affected parties of the right to apply to the Court for modification or dissolution on two

18  (2) days' notice or such shorter notice as the Court may allow. E.D. Cal. Local Rule

19  231(c).

20      Plaintiff's motion is procedurally deficient because it does not appear that Plaintiff

21  provided proper notice to Defendants. Plaintiff states that providing notice would defeat

22  the purpose of emergency relief by allowing continued violations, create substantial risk

23  of retaliation, enable further evasion, and allow harm to continue during the notice period.

24  Pl. Mot. at 39. On the TRO checklist, Plaintiff stated that notice was not given. (ECF No.

25  2-2 at 1.) Plaintiff does not include an affidavit or declaration indicating Plaintiff's attempt

26  to provide notice. *See* Fed. R. Civ. P. 65(b)(1)(B); E.D. Cal. Local Rule 231(c)(5). Further,

27  Plaintiff has not provided specific facts in an affidavit clearly showing that immediate and

28  irreparable injury will result before the adverse party can be heard in opposition. *See* Fed.

1    R. Civ. P. 65(b)(1)(A).

2        Plaintiff failed to comply with Rule 65(b)(1)(B) and Local Rule 231(c)(5) because

3    he did not provide notice to Defendants or outline his efforts to provide notice to

4    Defendants. *See* Pl. Mot. Courts regularly deny TROs for failing to comply with the

5    stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. *See*

6    *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts

7    have recognized very few circumstances justifying the issuance of an ex parte TRO");

8    *Abdel-Malak v. Doe*, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying TRO

9    sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Seymour*

10    *v. U.S. Dep't of Def.*, 2010 WL 3385994, at *1 (S.D. Cal. Aug. 26, 2010) (same); *Roman*

11    *v. Nw. Tr. Servs., Inc.*, 2010 WL 3489962, at *1 (W.D. Wash. Aug. 31, 2010) (same). In

12    addition, Plaintiff's failure to comply with the Local Rules' requirements for TROs is

13    sufficient justification to deny the motion. *See Nible v. Macomber*, 2024 WL 2133319, at

14    *2 (E.D. Cal. May 13, 2024) (denying TRO sought by pro se plaintiff as procedurally

15    deficient); *see, e.g.*, *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th

16    Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well

17    within a district court's discretion.").

18        The Court therefore recommends denial of the TRO motion based on these

19    procedural deficiencies.

20        **2.    Plaintiff Has Not Clearly Shown a Likelihood of Success on the**

21            **Merits**

22        The Court also examines the first and most important *Winter* element:  likelihood

23    of success on the merits. Plaintiff has not demonstrated that he is likely to succeed on

24    the merits of his claims because, as discussed above, the Complaint fails to sufficiently

25    plead any claims and many Defendants are immune from suit. Because the first *Winter*

26    factor of likelihood of success is a threshold inquiry and the most important factor, a

27    "court need not consider the other factors" if a movant fails to show a likelihood of

28    success on the merits. *Baird*, 81 F.4th at 1040; *see Garcia v. Google, Inc.*, 786 F.3d 733,

1    740 (9th Cir. 2015). Although pro se pleadings are liberally construed, *see Haines v.*

2    *Kerner*, 404 U.S. 519, 520-21 (1972), they are still required to conform to the Federal

3    Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

4           As discussed above, Plaintiff fails to state a claim against any Defendant.

5    Accordingly, Plaintiff has failed to establish the likelihood of success on the merits. *See*

6    *Feathers v. U.S. SEC*, 2022 WL 17330840, at *2-3 (N.D. Cal. Nov. 29, 2022) (dismissing

7    complaint under Rule 8 with leave to amend, and denying TRO based on no available

8    plausible claims); *In re Trotochau v. Bennet*, 2018 WL 6262843, at *3 (C.D. Cal. Feb. 13,

9    2018) (denying TRO where pro se plaintiff failed to state a claim and failed to provide

10   notice to defendants under Rule 65(b)); *Hanson v. Hanson*, 2014 WL 587867, at *3 (S.D.

11   Cal. Feb. 14, 2014) (denying TRO because even when construing pro se complaint

12   liberally, allegations were insufficient to show likely success on the merits). The Court

13   need not address the other *Winter* factors based on Plaintiff's failure to show a likelihood

14   of success on the merits. *See Apartment Ass'n of Los Angeles Cnty., Inc. v. City of Los*

15   *Angeles,* 10 F.4th 905, 917 (9th Cir. 2021); *see also Baird*, 81 F.4th at 1040. The Court

16   therefore also recommends DENYING Plaintiff's TRO motion for failing to establish the

17   likelihood of success on the merits.

18   **V.    WRIT OF MANDAMUS**

19          Plaintiff also appears to be seeking a writ of mandamus. Pl. Mot. at 12-15. The

20   federal mandamus statute set forth at 28 U.S.C. § 1361 provides: "The district courts

21   shall have original jurisdiction of any action in the nature of mandamus to compel an

22   officer or employee of the United States or any agency thereof to perform a duty owed to

23   the plaintiff." Here, Plaintiff has not brought his claims against any officer of employee of

24   the United States or any United States agency. Accordingly, Plaintiff's request for a writ

25   of mandamus is deficient, and should be dismissed.

26   **VI.   LEAVE TO AMEND**

27          In considering whether leave to amend should be granted, the Court considers

28   that Plaintiff's claims are barred by the *Younger* abstention and *Rooker-Feldmen*

13

doctrines, and that most Defendants are entitled to immunity. Further, Plaintiff's current Complaint does not present a cogent, non-frivolous claim. In light of the Complaint's deficiencies, it appears granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## VII.    CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1.    Plaintiff's motion to proceed in forma pauperis (ECF No. 3) should be DENIED;

2.    Plaintiff's motion for a temporary restraining order (ECF No. 2) should be DENIED;

3.    Plaintiff's request for a writ of mandamus (ECF No. 2) should be DISMISSED;

4.    Plaintiff's Complaint (ECF No. 1) should be DISMISSED without leave to amend; and

5.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  08/11/25

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, stor.2066.25

14